**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMADO VAZQUEZ, MISAEL RENDON,  and ISAAC QUIZHP, and all other similarly situated employees of Defendant, | ) ) ) ) | |
| | ) | **Case No.** |
| Plaintiff, | ) ) | **Judge** |
| v. | ) ) | **Magistrate** |
| T&K ASSOCIATES, INC., d/b/a MELI CAFE | ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) )` | |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, AMADO VAZQUEZ, MISAEL RENDON, ISAAC QUIZHP, and all other similarly situated employees of the Defendant, by their attorneys, ANDREOU & CASSON, LTD., and complaining of the Defendant, T&K ASSOCIATES, INC., d/b/a MELI CAFE, for their Complaint at Law, states as follows:

## INTRODUCTION

The Plaintiffs, AMADO VAZQUEZ, MISAEL RENDON, ISAAC QUIZHP, seek redress for violations of the Fair Labor Standards Act, 29 USC §201, et.seq., the Portal to Portal Act, 29 USC §251 et.seq., and the overtime provisions

## JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act, 29 USC §201, and 28 U.S.C. §1331 and §1343(a).  Supplemental jurisdiction for the Plaintiff's state law claims arises pursuant to 28 U.S.C. §1367(a). Venue of this Complaint has been properly laid in the Northern District of Illinois, Eastern Division, as upon information and belief, all parties to this complaint are citizens of the State of

Illinois. All of the actions alleged herein occurred within the County of Cook, State of Illinois, all of which lie within the Northern District of Illinois.

## PARTIES

1.   The Plaintiff, AMADO VAZQUEZ, is a former employee of the Defendant and a resident of Cook County, Illinois.

2.   The Plaintiff, MISAEL RENDON, is a former employee of the Defendant and a resident of Cook County, Illinois.

3.   The Plaintiff, ISAAC QUIZHP, is a former employee of the Defendant and a resident of Cook County, Illinois.

4.   Defendant is a domestic corporation incorporated under the laws of the State of Illinois.

5.   At all relevant times, Defendant has been continuously engaged in an industry affecting commerce.

## COUNT I
### Violation of the Fair Labor Standards Act-Overtime Wages

6.   The Plaintiff hereby incorporates and realleges paragraphs 1-5 as though set forth and is incorporated by reference.

7.   This count arises from the Defendants violation of the FLSA, 29 USC §201, and the Portal to Portal Act, 29 USC §251 et.seq., for their failure to pay overtime wages to Plaintiffs for all hours worked.

8.   This Court has jurisdiction to hear this Count pursuant to 29 USC §216(b) and venue is proper in this Judicial District because all of the events complained of herein occurred within this District.

9.    At all relevant times herein, Plaintiffs were employed by Defendants as "employees" subject to the FLSA. Plaintiffs each performed a variety of job duties and responsibilities for Defendants within this Judicial District. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 USC §207.

10.    Plaintiff were directed by Defendants to work, and did in fact work, in excess of forty hours per week.

11.    Pursuant to 29 USC §207, for all weeks during which the Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of 40 hours in individual weeks.

12.    Defendant did not compensate Plaintiffs at a rate of one and one-half times their normal hourly rate of pay.

13.    The Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 hours per week was a willful violation of the FLSA, 29 USC §201.

14.    Defendant willfully violated the FLSA by refusing to pay Plaintiffs' overtime wages for hours worked in excess of 40 hours per week.

    WHEREFORE, the Plaintiff respectfully requests:

a)    A judgement in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiffs worked in excess of 40 hours per week.

b)    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due.

c)    Reasonable attorney fees and costs incurred in filing this action; and

d)      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law-Overtime Wages**

15.    The Plaintiff hereby incorporates and realleges paragraphs 1-14 as though set forth and is incorporated by reference.

16.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

17.    At all relevant times herein, Plaintiffs were employed by Defendants as "employees" subject to the Illinois Minimum Wage Law, 820 ILCS 105/3(c). Plaintiffs each performed a variety of job duties and responsibilities for Defendants within this Judicial District. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law.

18.    Plaintiff were directed by Defendants to work, and did in fact work, in excess of forty hours per week.

19.    Pursuant to 820 ILCS 105/3, for all weeks during which the Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of 40 hours in individual weeks.

20.    Defendant did not compensate Plaintiffs at a rate of one and one-half times their normal hourly rate of pay.

21.     The Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 hours per week was a willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/3.

22.     Defendant willfully violated the Illinois Minimum Wage Law, 820 ILCS 105/3 by refusing to pay Plaintiffs' overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, the Plaintiff respectfully requests:

(a) A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiffs worked in excess of 40 hours per week.

(b) Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

(c) Reasonable attorney fees and costs incurred in filing this action; and

(d) Such other and further relief as this Court deems appropriate and just.


## COUNT III
## Violation of the Fair Labor Standards Act-Minimum Wages

23.     The Plaintiff hereby incorporates and realleges paragraphs 1-22 as though set forth and is incorporated by reference.

24.     This count arises from Defendants violation of the FLSA, 29 U.S.C. §201, and the Portal to Portal Act, 29 U.S.C. §251, for Defendants failure and refusal to may minimum wages to the Plaintiffs for all hours they worked for Defendants.

25.    At all relevant times herein, Defendant have operated a place of business named Meli Café located in Chicago, Illinois, and has been an "employer" subject to the FLSA.

26.    The Plaintiffs were employed by Defendant as employees performing work for Defendant. During the course of their employment by Defendant, Plaintiss handled goods that moved in interstate commerce and were not exempt from the minimum wage provisions of the FLSA.

27.    During the course of their employment by Defendant, Plaintiffs worked for Defendants but were not paid the then federally mandated minimum wage. For example, Plaintiffs worked 191 hours per week but were not paid the federally mandated minimum wage for all hours worked in individual weeks for the last 4 years.

28.    Pursuant to 29 U.S.C. §206, for all hours that Plaintiffs worked for Defendant the Plaintiffs were entitled to be compensated at least the then applicable federally mandated minimum wage.

29.    Pursuant to 29 U.S.C. §255, the Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit because Defendants failure and refusal to pay minimum wages for hours worked in excess of 40 hours per week was a willful violation of the FLSA.

30.    Defendant violated the FLSA by refusing to pay Plaintiffs minimum wages for all hours they worked.

31.   Defendants have also willfully violated the FLSA. The Defendant knew that it

was obligated to pay minimum wages and when the Plaintiffs complained, the

Plaintiffs were terminated.

WHEREFORE, the Plaintiff respectfully requests:

(a)    A judgement in the amount of one and one-half times Plaintiff's hourly

wage rate for all hours which Plaintiffs worked in excess of 40 hours per week.

(b)    Liquidated damages in an amount equal to the amount of unpaid overtime

compensation found due.

(c)    Reasonable attorney fees and costs incurred in filing this action; and

(d)    Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: */s/ Luke A. Casson*_____
    Luke A. Casson

Luke A. Casson 6257881
Courtney E. Lindbert 6299342
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
312.935.2000/ 312.935.2001
lcasson@andreou-casson.com
clindbert@andreou-casson.com